UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ERIC D. HARRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 1:11CV 16HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1]. Pursuant to this Court's Order, the government has responded to the motion to vacate. In addition, Petitioner has voluntarily dismissed, [Doc. No. 17], grounds B, C, D, and E. For the reasons set forth below, the Motion is denied without a hearing.

### Petitioner's Claim

Petitioner makes the following claims:

Ground One (A):

> Harris alleges he received ineffective assistance of counsel in that his attorney failed to argue that Robbery was not a crime of violence within the definition of the Career Offender Guidelines.

Ground Two (F):

> Petitioner alleges that his attorney was ineffective in failing to argue that one of his prior convictions for Robbery should not have been counted for purposes of Career Offender treatment, because he received a suspended sentence of incarceration.

## Facts and Background

On August 21, 2009, Petitioner was indicted by a federal grand jury for the Eastern District of Missouri in the Southeastern Division at Cape Girardeau which charged Petitioner with one count of distributing cocaine and one count of distributing heroin, [Doc. No. 2]. Petitioner pleaded guilty on October 19, 2009. His plea of guilty was pursuant to a written plea agreement (Plea Stip) with the United States. The United States agreed to move for the dismissal of the heroin charge at the time of sentencing in exchange for his plea of guilty to the charge of distribution of cocaine base. (Plea Stip, p.2).

There were no recommendations concerning the offense level in the plea agreement. (Plea Stip, pp. 4-5). Petitioner admitted as part of the factual basis for the plea that he had "at least two prior convictions for a crime of violence". (Plea Stip, p.6). This qualified him as a career offender . (PSR ¶23).

On January 19, 2010, the sentencing hearing was held. A Presentence Investigation Report (PSR) had been prepared for, and received by, the Court. The PSR recommended that Petitioner be treated as a career offender due to his two prior Robbery Second Degree convictions occurring in 1996 and 1999 in the

state of Missouri (PSR ¶¶ 23, 28, 36). Factoring in a three level reduction for acceptance of responsibility, the PSR suggested a total offense level of 29. His criminal history category was VI. All of this resulted in an advisory Guideline range of punishment of 151 to 188 months. There were no objections to either the factual statements or the guideline applications. (TRS Sent, p.2). Counsel for Petitioner did file a request for a downward variance. [Doc. No. 34].

During the sentencing hearing, Harris' attorney indicated the defense had no objections to either the factual conclusions or the application of the guidelines in the PSR. (TRS Sent, p.2). The Court granted the request for downward variance and Harris was sentenced to 110 months within the Bureau of Prisons, to be consecutively served to the undischarged sentences relating to state cases. (TRS, pp.15-16). No direct appeal was taken. This motion to vacate sentence pursuant to 28 U. S. C. § 2255 is now before the Court.

## Standards for Relief Under 28 U.S.C. 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to

- 4 -

relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

**Ground One (A)**

Harris alleges he received ineffective assistance of counsel in that his attorney failed to argue that Robbery was not a crime of violence within the definition of the Career Offender Guidelines. He claims that Robbery in the Second Degree does not qualify as a violent crime, in that "Robbery in the First

Degree requires violence, as an element wherefore Robbery in the Second Degree does not."(Doc. #1-1, p.11).[1]

A "crime of violence" as used in the Guidelines means any offense under federal or state law, punishable by imprisonment for a term of more than one year which "has as an element the use, attempted use, or threatened use of physical force against the person of another". (U. S. S. G. § 4B1.2(a)(1) ). There is no question that Robbery Second Degree qualifies as a "crime of violence."  Under Missouri law "(a) person commits the crime of robbery in the second degree when he forcibly steals property." ( RSMo. § 569.030). There is no requirement that an actual act of violence be committed. All that is required is the "use, attempted use, or threatened use of physical force."

In *United States v. Hennecke,* 590 F.3d 619 (8th Cir. 2010), the Court contemplated whether Felony Theft from a Person as a lesser included offense of Robbery in the Second Degree was a crime of violence. In applying the logic of *Begay* the court noted:

> "...but we conclude that the Court in *Begay* was not limiting the term violent felony in 18 U. S. C. § 924(e)(2)(B)(ii) to offenses in which violence was actually employed or threatened.  That is the distinction between committing the Missouri offense of second degree robbery and

---

[1] Document #1 is the Memorandum in Support of the Motion to vacate Sentence filed by Petitioner in this matter.

> the lesser included offense of felony stealing from a person. Rather the Court in *Begay* was limiting the term violent felony to crimes that, in the words of an earlier decision, involve the possibility of...closely related, active violence." *Hennecke,* 590 F.3d 619,623 (internal citations omitted).

There is no doubt that Robbery Second Degree is a violent crime.

As the law is so clearly unrefutable there was no duty or obligation on Harris' attorney to make an argument that would be so specious. *See, Garrett v. United States,* 78 F.3d 1296, 1305 (8th Cir. 1996)(No ineffective assistance of counsel in failure to raise a claim without merit). Petitioner did not succumb to any prejudice from his attorney's failure to do so, and there was no ineffective assistance of counsel resulting therefrom. As the record clearly resolves this issue, the point will be dismissed without an evidentiary hearing.

**Ground Two (F)**

Petitioner alleges that his attorney was ineffective in failing to argue that one of his prior convictions for Robbery should not have been counted for purposes of Career Offender treatment, because he received a suspended sentence of incarceration. (Doc.#1-1, p.19). He somehow has erroneously concluded a ten year suspended sentence should not be counted as a career offender predicate because a "sentence of imprisonment" refers only to the part of the sentence that was not suspended and is therefore beyond the parameters of § 4A1.2(b).

As a term of art "prior felony conviction" is not dependent on the actual amount of incarceration imposed. Section 4B1.1(a)(3) requires that a defendant have at least two "prior felony convictions" of a crime of violence or a controlled substance offense for the purpose of receiving career offender status. In Application Note 1 of Section 4B1.2 a "prior felony conviction" is a "prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."

As the court noted earlier with respect to Petitioner's first ground, his attorney was under no duty or obligation here to make frivolous, specious inane arguments that are clearly without the law. The law on this point is well noted and as a result, Harris was not prejudiced in his attorney's failure to argue the point. Petitioner did not receive ineffective assistance of counsel. This point is clearly and plainly established within the record and will likewise be dismissed without an evidentiary hearing.

## Conclusion

Based upon the foregoing analysis, Petitioner's claims of ineffective assistance of counsel fails to afford him relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.


Dated this 14th day of January, 2014.

*/s/ Henry Edward Autrey*
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE